1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID D. HARRIS,                      Case No.  2:22-cv-01970-JDP (PC)

12              Plaintiff,                  ORDER GRANTING PLAINTIFF'S
                                            APPLICATION TO PROCEED *IN FORMA*
13         v.                               *PAUPERIS*

14   UNITED STATES OF AMERICA,              ECF No. 2

15              Defendant.                  SCREENING ORDER THAT PLAINTIFF:

16                                                (1) FILE AN AMENDED
                                                  COMPLAINT; OR
17
                                                 (2) STAND BY HIS COMPLAINT
18                                                SUBJECT TO A
                                                  RECOMMENDATION THAT IT BE
19                                                DISMISSED

20                                          ECF No. 6

21                                          THIRTY-DAY DEADLINE

22

23         Plaintiff David Harris is a state inmate proceeding without counsel in this civil rights

24   action brought under 42 U.S.C. § 1983.  He alleges in a first amended complaint that the United

25   States acted as his beneficiary without his consent.[1]  I will give plaintiff an opportunity to file a

26

27         [1] Plaintiff filed an initial complaint on October 31, 2022, but on November 14, 2022,
     before I had an opportunity to screen it, he filed an amended complaint.  *See* ECF Nos. 1 & 6.  I
28   will treat the November 14 complaint as the operative one.

1  second amended complaint, since his first amended complaint does not state a cognizable claim,

2  and I will grant his application to proceed *in forma pauperis*, ECF No. 2.

### Screening and Pleading Requirements

4   A federal court must screen a prisoner's complaint that seeks relief against a governmental

5  entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

6  claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

7  claim upon which relief may be granted, or that seeks monetary relief from a defendant who is

8  immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

9   A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

12 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

13 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

14 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

15 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

17 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18 n.2 (9th Cir. 2006) (en banc) (citations omitted).

19  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

20 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

21 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Analysis

27  Plaintiff alleges that "the corporation of the United States appointed itself as the

28 beneficiary to handle the estate of David Deamon Harris without consent." ECF No. 6 at 1.

1   Plaintiff also alleges that he is a "sovereign man" and that defendant "willfully and unlawfully

2   profited monetarily against the knowledge of" him.  *Id.*

3          As an initial matter, plaintiff only names the United States as a defendant, but the United

4   States is not a proper defendant in a § 1983 action.  The United States does not act under color of

5   state law, and it is not considered a "person" under the act.  *Accardi v. United States*, 435 F.2d

6   1239, 1241 (3rd Cir. 1970); *Hathaway v. United States*, No. 2:22-cv-00567-JHC, 2022 WL

7   1801146, at *2 (W.D. Wash. June 1, 2022).  Moreover, the United States may not be sued without

8   its consent.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Hutchinson v. United States*, 677

9   F.2d 1322, 1327 (9th Cir. 1982).  Additionally, plaintiff's threadbare allegation that defendant

10  appointed itself as his beneficiary falls short of the pleading standard articulated in *Twombly* and

11  *Iqbal.*  There are no facts that would inform defendant of any allegedly wrongful conduct.

12         I will grant him a chance to amend his complaint before recommending that this action be

13  dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will

14  supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir.

15  2012) (en banc).  This means that the amended complaint will need to be complete on its face

16  without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended

17  complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended

18  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

19  defendant's involvement in sufficient detail.  The amended complaint should be titled "Second

20  Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an

21  amended complaint, I will recommend that this action be dismissed.

22         Accordingly, it is ORDERED that:

23         1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

24         2.  Within thirty days of the service of this order, plaintiff must either file an amended

25  complaint or advise the court he wishes stand by his current complaint.  If he selects the latter

26  option, I will recommend that this action be dismissed.

27         3.  Failure to comply with this order may result in the dismissal of this action.

28         4.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    December 5, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4