UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.  2:22-cv-01970-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED<br><br>ECF No. 12<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff David Harris is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He alleges in his second amended complaint that the United States violated several of his constitutional rights.  As stated in my previous screening order, plaintiff's claims are non-cognizable.  I will recommend that this action be dismissed.[1]

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

---

[1] Plaintiff filed a motion for judgment, ECF No. 9, which I will recommend be denied as moot since I am recommending this complaint be dismissed without leave to amend.

1

1  claim upon which relief may be granted, or that seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **Analysis**

21 Plaintiff is a self-proclaimed sovereign citizen.  *See* ECF Nos. 6 & 12.  Plaintiff's second
22 amended complaint includes discussions of the Uniform Commercial Code, the history of
23 common law, and sovereign immunity.  *See generally* ECF No. 12.  Although the complaint fails
24 to provide a factual basis supporting plaintiff's claims, from what I can discern he alleges that the
25 United States violated his First Amendment right to petition the government; generally violated
26 his First, Fifth, Ninth, Tenth, and Fourteenth Amendment rights; took away his sovereign rights;
27 and profited without just compensation.  *Id.* at 13.  These claims cannot proceed past screening,
28

and I find that leave to amend is unwarranted because the complaint's defects cannot be remedied.

As an initial matter, and as I noted in my prior order, the only defendant, the United States, is not a proper defendant in this § 1983 action. The United States is not considered a "person" under the act. *Accardi v. United States*, 435 F.2d 1239, 1241 (3rd Cir. 1970); *Hathaway v. United States*, No. 2:22-cv-00567-JHC, 2022 WL 1801146, at *2 (W.D. Wash. June 1, 2022). Plaintiff's complaint, like his last, is too vague and conclusory to state a claim and is devoid of any factual allegations that would put defendant on notice of his claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Plaintiff neither states how the United States violated any of his constitutional rights nor how it profited from him. More significantly, the United States is a sovereign and may not be sued without its consent. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) ("The United States is a sovereign and, as such, is immune from suit without its prior consent.").

Plaintiff has already been afforded an opportunity to amend his complaint. Given that his most recent complaint, like its predecessor, fails to provide a factual basis for his claims, I find that granting plaintiff another opportunity to amend would be futile. I will recommend that the complaint be dismissed without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed without leave to amend for failure to state a claim.

2. Plaintiff's motion for judgment, ECF No. 9, be denied as moot.

3. The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4